For plaintiffs: John R. Higgins.

For defendant: Greene, Kennedy & Greene.

John J. Orr
vs.                   } Eq. No. 4593.
The Rhode Island Company

February 15, 1929.

BAKER, J. Heard on motion to confirm Master's reports.

The only objection made to the granting of the motion is by the State,

which has taken an exception to the disallowance by the Master of a certain claim filed on its behalf relating to back taxes due from the the respondent company.

The reports filed by the Master dealing with this matter are carefully considered and very thorough. The disposition of the question depends upon the construction to be placed upon a certain act of the Legislature passed February 23, 1921.

The State argues that it was the intent to have this act in question operate prospectively only. It undoubtedly is the law, generally speaking, that a prospective construction of such an act is favored. It is equally clear, however, that this is only a rule of construction and that if the plain language of the act shows an intention to have it operate retrospectively, then it will be so held.

The language used in the act itself seems to the Court capable of a very broad meaning. For example, the use of the word "any" in connection with the word "taxes" and the phrase "(whether heretofore or hereafter received)" as modifying the word "earnings" seems to the Court to bear out the respondent company's contention that it was the obvious intent of the Legislature to relieve said company of all back taxes upon its acquisition by the United Electric Railways Company.

Of course, it is clear that in the final analysis the intent of the Legislature must be derived from the language of the act passed by it. Nevertheless, it seems proper to refer to the situation existing shortly before and at the time of the passage of the act and to consider the purposes of the act and the object to be accomplished.

Between the years 1919 and 1921, the street railway system in the City of Providence and in the northern part of the State was undergoing a reorganization. Clearly, it was a matter of general public interest to maintain the service and to rehabilitate the companies involved.

In the spring of 1920, an act was passed by the General Assembly, the purpose of which, according to its title, was to relieve the United Electric Railways Company from the payment of franchise and other taxes. This act, evidently, was not wide enough in its scope, because the hoped for reorganizations did not follow, and the act in question of February, 1921, was then passed in amendment of the act of 1920.

Taking all these circumstances into consideration and keeping in mind the language made use of in the act of 1921, after careful examination and consideration, the Court finds that it was the plain intent of the Legislature to have said act operate retrospectively and to relieve the respondent company and the United Electric Railways Company of all back taxes upon the acquisition of the property of the former company by the latter.

It would seem unnecessary to go into the matter in further detail. The reasons given by the Master in his report for this construction of the act appear entirely sound to the Court.

The State also contends that the statute in question does not refer specifically to taxes due from and payable by the receivers. The Court can see no force in this claim. The receivers are merely representing and stand in the place of the respondent company, and if the latter is not liable, the receivers certainly are not. Such construction as asked for by the State seems to the Court highly narrow.

The State further objects to certain testimony admitted by the Master in the form of affidavits relating to the history and purposes of the act. While, perhaps, this evidence is not of direct value in passing upon the legislative intent, nevertheless it seems to the Court that it is admissible as showing the facts and circumstances connected

with the enacting of the statute in question.

*Blair* vs. *Franklin*, 31 R. I. 95;

*Horton* vs. *Huxford*, 35 R. I. 387;

In re Werner, 46 R. I.

For the reasons above indicated, the exception of the State is overruled and the motion to confirm the Master's reports is granted.

Charles P. Sisson, Attorney General for defendants.

Clifford Whipple for the Rhode Island Company.